**SALO LAW LLC**
Alina M. Salo, OSB No. 164746
3518 S. Corbett Avenue
Portland, OR 97239
P: (503) 208-6716
E: alina@salolawoffice.com

*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **ALLYSON CRISP**, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | **(42 U.S.C. § 2000e–2 *et seq*. and Oregon law)** |
| **CHIPOTLE MEXICAN GRILL, INC.**, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff, Allyson Crisp, alleges:

### JURISDICTIONAL ALLEGATIONS

1.       This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §
1331. This Court also has supplemental jurisdiction over Plaintiff's state claims pursuant to 28

Page 1 of 10 –    **COMPLAINT**

U.S.C. § 1367 as the state claims arise from the same nucleus of operative facts as the federal claims.

2.     Venue is proper within the District of Oregon, Portland Division, pursuant to 28 U.S.C. § 1391(b) because all or substantially all of Plaintiff's claims arose in this judicial district.

3.     Plaintiff filed timely claims with Oregon's Bureau of Labor and Industries ("BOLI") and the Equal Employment Opportunity Commission ("EEOC") raising the issues alleged herein and received right to sue notices from both BOLI and the EEOC.

PARTIES

4.     Plaintiff Allyson Crisp is an individual at all material times residing in the State of Oregon.

5.     Defendant Chipotle Mexican Grill, Inc. ("Defendant") is a foreign corporation organized under the laws of Delaware.

6.     At all material times, Defendant was an "employer" within the meaning of ORS 659A.001(4)(a) as it, directly or through an agent, engaged or used the personal service of one or more employees in Oregon, reserving the right to control the means by which such services will be performed.

7.     At all times material, Defendant was Plaintiff's employer and Plaintiff was Defendant's employee.  At all material times, each Plaintiff was supervised by Defendant's employees or agents and Plaintiff relied on the actual or apparent authority of Defendant's employees, supervisors and management.

STATEMENT OF FACTS

8.     In or around January 2021, Plaintiff began her employment with Defendant as a crew member at its location in south Salem.

9.     During Plaintiff's time at the south Salem location, she witnessed and experienced harassment and discrimination against other employees. In or around March 2021, Plaintiff raised

SALO LAW LLC
3518 S. Corbett Avenue
Portland, OR 97239
T: (503) 208-6716

concerns with her direct supervisor, General Manager David Spurgeon, about discriminatory behavior and harassment in the workplace, particularly towards female employees. Plaintiff reported that she and other women coworkers had been harassed and sexually assaulted by a male coworker.

10.    In or around November 2021, Plaintiff reported harassment by Mr. Spurgeon to his supervisor, Field Leader Trevor Liemer. Mr. Spurgeon regularly treated Plaintiff differently and more negatively than similarly situated male employees. Mr. Spurgeon frequently raised his voice and intimidated Plaintiff in the workplace. Despite reporting the gender-based harassment to management, the discriminatory practices and harassment continued to persist until Plaintiff later sought and received a promotion to a position not supervised by Mr. Spurgeon.

11.    In or around summer of 2022, Plaintiff began working a General Manager Apprentice ("Apprentice") position with Defendant. Following the apprenticeship period, in or around August 2022, Plaintiff began working as the General Manager at Defendant's store in McMinnville, Oregon.

12.    In or around late March of 2023, following a company reorganization, Mr. Spurgeon began acting as the Field Leader of the McMinnville location.

13.    On or around March 28, 2023, Mr. Spurgeon began acting as Plaintiff's direct supervisor again. Mr. Spurgeon immediately assigned a male employee, Isam Urzua, to work as an Apprentice in Plaintiff's store. Mr. Spurgeon directed Mr. Urzua to keep a journal and document anything he saw that Plaintiff was doing wrong. Mr. Urzua solicited Plaintiff's subordinates via text message to gather statements and complaints about Plaintiff. Upon information and belief, Mr. Spurgeon did not direct similarly situated male General Managers to the same increased surveillance he subjected Plaintiff to.

14.    In or around early April 2023, Plaintiff was set for a site inspection from the Director for Plaintiff's division, Steve Scohy, and the Regional Vice President Alfredo Ponce, to

**SALO LAW LLC**
3518 S. Corbett Avenue
Portland, OR 97239
T: (503) 208-6716

analyze Plaintiff's running of her store to determine if she was the best fit for a promotion to the Certified Training Manager position. Upon information and belief, Mr. Spurgeon took active steps to sabotage Plaintiff's success by denying Plaintiff the same treatment and coaching he provided to a similarly situated male coworker of Plaintiff's for that coworker's store inspection.

15.    On or around April 25, 2023, Plaintiff complained to Mr. Scohy about Mr. Spurgeon. Plaintiff reported Mr. Spurgeon's prior harassment against her and her previous complaint, and she detailed Mr. Spurgeon's ongoing pattern of retaliation and discrimination against her.

16.    On or around May 4, 2023, Defendant terminated Plaintiff. The termination notice detailed dates of alleged coaching that had never occurred.

## FIRST CLAIM FOR RELIEF

### Gender Discrimination

### 42 U.S.C. § 2000e–2

17.    Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

18.    42 U.S.C. § 2000e–2(a) provides:

> It shall be an unlawful employment practice for an employer: to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

19.    Defendant engaged in unlawful employment practices against Plaintiff because Defendant discriminated against and discharged Plaintiff from employment because of Plaintiff's gender.  Defendant would not have treated Plaintiff as described above had it not been because of Plaintiff's gender and/or Defendant's stereotypes related to the acceptable gender roles.

**SALO LAW LLC**
3518 S. Corbett Avenue
Portland, OR 97239
T: (503) 208-6716

20.     As a result of a violation of 42 U.S.C. § 2000e–2, an employee is entitled to: (1) compensatory damages, such as lost wages and employment benefits, covering past and future losses with appropriate interest, as well as damages for pain, suffering, and emotional distress, 42 U.S.C. §§1981a, 2000e-5(g)(1); (2) punitive damages, 42 U.S.C. § 1981a; and (3) costs and attorney fees, 42 U.S.C. § 2000e-5(k).

21.     As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur lost wages and benefits in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

22.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to Plaintiff's non-pecuniary loss, in an amount to be determined at trial.

23.     Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's federally protected rights. Defendant should be assessed punitive damages in an amount to be determined at trial.

24.     As a result of Defendant's unlawful actions, Plaintiff seeks the full extent of damages Plaintiff is entitled to by law.

## SECOND CLAIM FOR RELIEF

### Gender Discrimination and/or Harassment

### ORS 659A.030

25.     Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

26.     Defendant's behavior as alleged above violated ORS 659A.030(1)(a) and (b) because Defendant treated Plaintiff adversely with respect to the terms and conditions of Plaintiff's employment, including but not limited to, Plaintiff's direct manager subjecting Plaintiff to a severe or pervasive hostile work environment based on her gender, subjecting Plaintiff to increased

SALO LAW LLC
3518 S. Corbett Avenue
Portland, OR 97239
T: (503) 208-6716

surveillance and scrutiny, failing to provide Plaintiff with the same coaching and training opportunities as similarly situated male coworkers, and/or terminating Plaintiff's employment. Plaintiff's gender and/or stereotypes related to acceptable gender roles were substantial factors in Defendant's adverse treatment of Plaintiff.

27.     As a direct and proximate result of Defendant's discriminatory and retaliatory conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to non-pecuniary loss and economic loss in amounts to be determined at trial pursuant to ORS 659A.885 and ORS 20.107.

28.     Pursuant to ORS 659A.885 and ORS 20.107, Plaintiff is entitled to recover damages (economic and emotional distress), punitive damages, reasonable attorney fees, and costs.

29.     Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's federally protected rights. Defendant should be assessed punitive damages in an amount to be determined at trial.

30.     Pursuant to ORS 82.110, Plaintiff is entitled to post-judgment interest at the rate of nine percent per annum.

31.     Plaintiff also seeks equitable relief including an injunction enjoining Defendant from engaging in any employment practice which discriminates on the bases as alleged in this Complaint.

### THIRD CLAIM FOR RELIEF

### Retaliation

### Title VII Retaliation, 42 U.S.C. § 2000e–2

32.     Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

33.     42 U.S.C. § 2000e–3(a) provides:

> It shall be an unlawful employment practice for an employer
> to discriminate against any of his employees or applicants

SALO LAW LLC
3518 S. Corbett Avenue
Portland, OR 97239
T: (503) 208-6716

for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because she has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

34.    Defendant engaged in unlawful employment practices, because Defendant subjected Plaintiff to increased surveillance and scrutiny, failed to provide Plaintiff with the same coaching and training opportunities as similarly situated male coworkers, and/or ultimately discharged Plaintiff from employment because Plaintiff reported and/or opposed a practice made unlawful by 42 U.S.C. § 2000e, *et seq.*, as set forth in detail above.

35.    In perpetrating the actions described in the above paragraphs, Defendant subjected Plaintiff to retaliation, causing Plaintiff to suffer damages.

36.    As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur lost wages and benefits in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

37.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to Plaintiff's non-pecuniary loss, in an amount to be determined at trial.

38.    Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's federally protected rights. Defendant should be assessed punitive damages in an amount to be determined at trial.

39.    As a result of a violation of 42 U.S.C. § 2000e–2, an employee is entitled to: (1) compensatory damages, such as lost wages and employment benefits, covering past and future losses with appropriate interest, as well as damages for pain, suffering, and emotional distress, 42

**SALO LAW LLC**
3518 S. Corbett Avenue
Portland, OR 97239
T: (503) 208-6716

U.S.C. §§1981a, 2000e-5(g)(1); (2) punitive damages, 42 U.S.C. § 1981a; and (3) costs and attorney fees, 42 U.S.C. § 2000e-5(k).

40.    Plaintiff re-alleges damages and attorney fees as set forth above.

## FOURTH CLAIM FOR RELIEF

### Retaliation

### ORS 659A.030(1)(f)

41.    Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

42.    Defendants treated Plaintiff adversely with respect to the terms, conditions, or privileges of employment including subjecting Plaintiff to increased surveillance and scrutiny, failing to provide Plaintiff with the same coaching and training opportunities as similarly situated male coworkers, and/or terminating Plaintiff's employment.  Defendant and its agents/employees subjected Plaintiff to this retaliation based on her opposing and/or reporting unlawful practices including, but not limited to retaliation and discrimination because of her complaints of unlawful discrimination.  Plaintiff's reports and/or opposition to unlawful practices was a substantial factor in Defendant's adverse treatment of her.

43.    In perpetrating the actions described in the above paragraphs, Defendant violated ORS 659A.030(1)(f) by subjecting Plaintiff to retaliation, causing Plaintiff to suffer damages. Plaintiff has incurred and continues to incur lost wages and benefits in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future. Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to Plaintiff's non-pecuniary loss, in an amount to be determined at trial.

44.    Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's federally protected rights. Defendant should be assessed punitive damages in an amount to be determined at trial.

**SALO LAW LLC**
3518 S. Corbett Avenue
Portland, OR 97239
T: (503) 208-6716

45.    Plaintiff re-alleges damages and attorney fees as set forth above.

## FIFTH CLAIM FOR RELIEF

### Retaliation

### ORS 659A.199

46.    Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

47.    Defendant discriminated and retaliated against Plaintiff, including subjecting Plaintiff to increased surveillance and scrutiny, failing to provide Plaintiff with the same coaching and training opportunities as similarly situated male coworkers, and/or terminating Plaintiff's employment, for reporting in good faith what Plaintiff believed to be illegal discrimination and harassment.

48.    Defendant's discrimination and retaliation constitutes an unlawful employment practice in violation of ORS 659A.199.

49.    In perpetrating the actions described in the above paragraphs, Defendant violated ORS 659A.199 by subjecting Plaintiff to retaliation, causing Plaintiff to suffer damages. Plaintiff has incurred and continues to incur lost wages and benefits in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future. Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to Plaintiff's non-pecuniary loss, in an amount to be determined at trial.

50.    Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's federally protected rights. Defendant should be assessed punitive damages in an amount to be determined at trial.

51.    Plaintiff re-alleges damages and attorney fees as set forth above.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all claims and issues to the extent allowed under the law.

**SALO LAW LLC**
3518 S. Corbett Avenue
Portland, OR 97239
T: (503) 208-6716

**WHEREFORE,** Plaintiff requests the following judgments and relief according to proof:

1.      Economic damages;

2.      Non-economic damages;

3.      Reasonable costs and attorney's fees per statute;

4.      Equitable relief including a permanent injunction enjoining Defendants from engaging in any employment practice which discriminates on the bases as alleged in this Complaint;

5.      For prejudgment and post-judgment interest as appropriate and allowed by law;

6.      On all claims, as applicable, amounts necessary to offset the income tax consequences of receiving a lump sum payment, rather than receiving payment of wages over the applicable time frame;

7.      Punitive damages; and

8.      All such other relief as this Court may deem proper.

Respectfully Submitted,

    DATED this 17th day of December, 2024.

                    **SALO LAW LLC**

                    s/ Alina Salo
                    _____
                    Alina M. Salo, OSB No. 164746
                    alina@salolawoffice.com

**SALO LAW LLC**
3518 S. Corbett Avenue
Portland, OR 97239
T: (503) 208-6716